UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV 20-8665-MWF (SKx)            **Date:** January 7, 2021
**Title:** *Anthony Bouyer v. Ho Suk Kim, et al.*

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers)** ORDER DISMISSING ACTION WITHOUT PREJUDICE

      On September 22, 2020, Plaintiff Anthony Bouyer commenced this action against Defendants Ho Suk Kim and Helen Railey. (Complaint (Docket No. 1)). Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff must have served the Complaint by December 21, 2020.

      On October 27, 2020, Plaintiff filed a Proof of Service (the "POS") of Summons, Complaint and other case-initiating documents on Defendant Ho Suk Kim. (Docket No. 14). Pursuant to the POS, Defendant Kim's response to the Complaint was due November 9, 2020.

      On November 19, 2020, the Court issued an Order directing Plaintiff to show cause ("OSC") why the action should not be dismissed for lack of prosecution as to Defendant Ho Suk Kim by no later than December 4, 2020, and as to Defendant Helen Rainey by no later than December 21, 2020. (Docket No. 15). That same day, Plaintiff filed a Notice of Dismissal as to Defendant Ho Suk Kim. (Docket No. 16). No other documents have been filed in response to the OSC.

      It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-8665-MWF (SKx)            **Date:** January 7, 2021

**Title:** *Anthony Bouyer v. Ho Suk Kim, et al.*

calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution is warranted. Plaintiff was specifically warned that failure to respond to the OSC will result in dismissal of this action.

Accordingly, the action is **DISMISSED** *without prejudice*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.